**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

In re: DWIGHT WILLIAM ZWICK,

Debtor,

----------------------------------------------

FLEET RESOURCES, INC.,

Plaintiff-Appellee,

v.

DWIGHT WILLIAM ZWICK,

Defendant-Appellant.

No. 96-1366
(Dist. of Colorado)
(D.C. No. 94-D-2192)

## ORDER AND JUDGMENT[*]

**Before BRORBY**, **BRISCOE,** and **MURPHY**, Circuit Judges.

Dwight Zwick appeals a district court order holding that his state court

judgment for fraudulent concealment is nondischargeable pursuant to 11 U.S.C. §

523(a)(2)(A) and (B). On appeal, Zwick argues that to prevail in a

nondischargeability action under section 523(a)(2), a creditor must prove it was

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

damaged as a proximate result of a debtor's materially false statement. Zwick further argues that because the state court judgment at issue here does not satisfy the requirement of proximate causation, the district court erred in ruling that the judgment was exempt from discharge under section 523(a)(2). The court exercises jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d) and **affirms**.

This court has reviewed the parties' briefs and contentions, the district court order, and the entire record on appeal. Finding Zwick's appeal without merit, we affirm for substantially the reasons set out in the district court's order dated July 15, 1996. In so doing, this court makes the following observation: contrary to Zwick's assertions on appeal, in the Tenth Circuit a creditor need not prove that it was damaged as a proximate result of the debtor's misrepresentations in order to prevail on a nondischargeability action under section 523(a)(2). *See John Deere Co. v. Gerlach (In re Gerlach)*, 897 F.2d 1048, 1051 & n.2 (10th Cir. 1990); *see also Norris v. First Nat'l Bank (In re Norris)*, 70 F.3d 27, 29 & n.6 (5th Cir. 1995) (joining the First and Tenth Circuits in refusing to "graft[]onto section 523(a)(2) a proximate causation" element); *Shawmut Bank, N.A. v. Goodrich (In re Goodrich)*, 999 F.2d 22, 26 (1st Cir. 1993) (citing with approval to this court's decision in *Gerlach* for proposition that section 523(a)(2) does not contain a damages element).

The judgment of the United States District Court for the District of Colorado is hereby **AFFIRMED**.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge